932 S.W.2d 112 (1996)
In the Matter of M.M.R., a Juvenile.
No. 08-95-00239-CV.
Court of Appeals of Texas, El Paso.
April 11, 1996.
*113 M. Clara Hernandez El Paso County Public Defender, El Paso, for appellant.
Jose R. Rodriguez, County Attorney, El Paso, for appellee.
Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

OPINION
LARSEN, Justice.
M.M.R., a juvenile (appellant), appeals from an order adjudicating him delinquent based upon the trial court's finding that he committed the offense of retaliation in violation of Tex.Penal Code Ann. § 36.06(a)(1) (Vernon 1994). He also appeals the trial court's disposition order placing him on supervised probation for one year. We reverse and render.
In Point of Error One, appellant contends that the evidence is legally insufficient to support the adjudication order. When considering a legal sufficiency challenge in a juvenile case, the question is whether the evidence considered as a whole shows that the state sustained its burden of proof beyond a reasonable doubt. Tex.Fam.Code Ann. § 54.03(f) (Vernon 1986); In the Matter of G.M.P., 909 S.W.2d 198, 201-02 (Tex. App.Houston [14th Dist.] 1995, no writ h.); C.D.F. v. State, 852 S.W.2d 281, 284 (Tex. App.Dallas 1993, no writ); In the Matter of S.D.W., 811 S.W.2d 739, 749 (Tex.App. Houston [1st Dist.] 1991, no writ). The appellate court is required to consider only the evidence and inferences tending to support the findings under attack and disregard all evidence and inferences to the contrary. C.F. v. State, 897 S.W.2d 464, 472 (Tex. App.El Paso 1995, no writ); In the Matter of T.D., 817 S.W.2d 771, 777 (Tex.App. Houston [1st Dist.] 1991, writ denied); In the Matter of L.G., 728 S.W.2d 939, 943 (Tex. App.Austin 1987, writ ref'd n.r.e.); In the Matter of A.B.R., 596 S.W.2d 615, 618 (Tex. Civ.App.Corpus Christi 1980, writ ref'd n.r.e.). If there is any evidence of probative force to support the jury's finding, the point must be overruled and the finding upheld. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661-62 (1951) (per curiam); C.F., 897 S.W.2d at 472.

The Charge
Count II of the state's petition alleged the following:
That said child engaged in delinquent conduct, to wit: the above named child *114 engaged in conduct other than a traffic offense, which violated a penal law of this State punishable by imprisonment in that heretofore, to wit: on or about the 2nd day of May, 1995, and anterior to the presentment of this petition, in the County of El Paso and State of Texas, the said M.M.R., did then and there intentionally and knowingly harm another, to-wit: JAMES A. HAMILTON, by an unlawful act, to-wit: hit the said JAMES A. HAMILTON in the face with the knee of the said M.M.R., in retaliation for and on account of the service of the said JAMES A. HAMILTON as a public servant, in violation of section 36.06 of the Texas Penal Code.[1]
The Retaliation Statute
Section 36.06 of the Penal Code provides:
(a) A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act:
(1) in retaliation for or on account of the service of another as a public servant,[2] witness, prospective witness, informant, or a person who has reported or who the actor knows intends to report the occurrence of a crime; or
(2) to prevent or delay the service of another as a public servant, witness, prospective witness, informant, or a person who has reported or who the actor knows intends to report the occurrence of a crime.
TEX.PENAL CODE ANN. § 36.06 (Vernon 1994).
The state asserts that its petition states a violation of subsection (a)(2). We disagree. A comparison of the petition with § 36.06 reveals that the petition tracks the language of § 36.06(a)(1). It does not allege that appellant committed the assault of Hamilton to prevent or delay his service as a public servant as required to state an offense under § 36.06(a)(2). Because the petition can only be read to allege a violation of § 36.06(a)(1), our sufficiency analysis will be restricted to subsection (a)(1).
Appellant argues that the state failed to prove that he assaulted Hamilton "in retaliation for or on account of" Hamilton's service as a public servant. Taken in the light most favorable to the trial court's finding, the evidence shows that on May 2, 1995, appellant was in a juvenile half-way house facility in El Paso, Texas. Hamilton, who is employed as a behavioral orientation instructor for the Juvenile Probation Department, was working in that facility and supervising several juveniles, including appellant, as they played basketball. Appellant and another juvenile, T.R., began fighting and Hamilton separated them. Appellant and T.R. continued to exchange words until appellant darted away from Hamilton and went after T.R. Hamilton grabbed appellant around the waist and took him to the floor. As they struggled, appellant hit Hamilton in the face with his knee four or five times. Another juvenile officer, Daniel Adame, assisted Hamilton in restraining appellant. Hamilton, noting that appellant's attention was focused solely on getting to T.R., testified that appellant deliberately struck him in his attempt to get away from him. Hamilton also stated that he was performing his duties as a detention officer in attempting to restrain appellant and that appellant knew that he was an employee of the Probation Department.
The evidence is easily sufficient to show an assault under former § 22.01.[3] The *115 state, however, abandoned Count I of the petition at the adjudication hearing. Whether appellant harmed Hamilton in retaliation for or on account of his service as a public servant is a more difficult question. Neither party has cited, and we have been unable to find, any case applying the retaliation statute to facts similar to those in the instant case.
In reviewing appellant's sufficiency challenge, it must be kept in mind that a central purpose of § 36.06 is to encourage a certain class of citizens to perform vital public duties without fear of retribution. Morrow v. State, 862 S.W.2d 612, 615 (Tex.Crim. App.1993); Doyle v. State, 661 S.W.2d 726, 729 (Tex.Crim.App.1983). Consistent with this purpose, § 36.06(a)(1) specifically requires that the harm or threatened harm be in retaliation for or on account of the service of another as a public servant, witness, informant, or reporter of a crime. Examples of cases where the retaliation statute has been held applicable include: Morrow v. State, 862 S.W.2d 612 (defendant threw hot water in the face of fellow inmate who had reported to authorities that defendant was responsible for broken skylight at county jail); Doyle v. State, 661 S.W.2d 726 (defendant threatened to kill domestic relations judge who had presided over defendant's divorce); Davis v. State, 890 S.W.2d 489 (Tex.App.Eastland 1994, no pet.) (defendant indirectly threatened to kill a social worker after she expressed desire to terminate parental rights); Solomon v. State, 830 S.W.2d 636 (Tex. App.Texarkana 1992, pet. ref'd) (defendant threatened to kill prospective witness if she testified against him). We believe these are distinguishable from the facts before us here.
The state argues that it met its burden of proof because the evidence showed that appellant, knowing Hamilton was a public servant, struck him while he was performing an official duty. We disagree. The state's argument overlooks that it must prove the retributory element found in § 36.06(a)(1), namely, that the unlawful act be committed in retaliation for or on account of another person's service as a public servant. We find it significant that the current version of § 22.01 recognizes that there is a distinction between committing an assault against a person the actor knows is a public servant while the public servant is lawfully discharging an official duty, and assaulting a public servant in retaliation or on account of an exercise of official power or performance of an official duty as a public servant. We conclude that proving the actor harmed a public servant while the public servant was lawfully discharging an official duty, without more, fails to establish this retributory element.
The evidence here shows that appellant assaulted Hamilton, not for the purpose of retaliating against Hamilton for restraining him, but in order to escape and continue his assault against T.R. Hamilton specifically testified that appellant's entire focus was upon T.R. and that appellant struck Hamilton in his effort to get away and fight with T.R. We find the evidence is legally insufficient to support the trial court's finding.

CONCLUSION
Point of Error One is sustained.[4] Because there is no other basis for adjudicating appellant a delinquent child, the trial court's order is reversed and judgment rendered in favor of the juvenile, and the disposition order is vacated.
NOTES
[1] The state alternatively alleged in Count I of the petition that appellant committed an assault against Hamilton by this same conduct in violation of § 22.01(a)(1) of the Texas Penal Code. The state abandoned Count I at the adjudication hearing and proceeded solely on Count II.
[2] "Public servant" means a person elected, selected, appointed, employed, or otherwise designated as one of the following, even if he has not yet qualified for office or assumed his duties: (A) an officer, employee, or agent of government. TEX.PENAL CODE ANN. § 1.07(41)(A) (Vernon 1994).
[3] Prior to the amendment of § 22.01(b) in 1995, an offense under § 22.01(a)(1) was a Class A misdemeanor. See Acts 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3616-18. In 1995, the Legislature amended § 22.01 to provide that assault is a Class A misdemeanor, except it is a felony of the third degree if it is committed against a person the actor knows is a public servant while the public servant is lawfully discharging an official duty, or in retaliation or on account of an exercise of official power or performance of an official duty as a public servant. TEX.PENAL CODE ANN. § 22.01(b) (Vernon Supp.1996). Because appellant engaged in this conduct prior to September 1, 1995, the former version of § 22.01(b) would have applied.
[4] Since we have found the evidence legally insufficient, it is unnecessary to address appellant's factual sufficiency challenge.