**Cedric R. McCOY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–95–364–CR.**

Court of Appeals of Texas,
Fort Worth.

Oct. 24, 1996.

---

Richard A. Henderson, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Betty Marshall and Charles M. Mallin, Assistant Chiefs of the Appellate Section, Reed C. O'Connor and Betty Arvin, Assistants, Fort Worth, Appellee.

Before CAYCE, C.J., DAY, J., and H. TOD WEAVER, J. (Retired) (Sitting by Assignment).

## OPINION

CAYCE, Chief Justice.

Cedric McCoy was indicted for aggravated assault against a public servant and retalia-

tion against a public servant. *See* TEX. PE- NAL CODE ANN. §§ 22.02(a)(1), (b)(2), 36.06(a)(1) (Vernon 1994). After trial to the court, the court found McCoy guilty on both counts based on evidence that he assaulted Ted Eby, a police officer, in retaliation for Officer Eby's services as a public servant, causing the officer serious bodily injury. The court sentenced McCoy on each count to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

In three points of error, McCoy alleges that 1) his convictions should be reversed because Officer Eby is not a "public servant" as defined in the Penal Code; 2) the evidence is insufficient to support a conviction for aggravated assault because Officer Eby did not suffer "serious bodily injury" as a result of the assault; 3) the indictment does not state an offense under section 36.06(a)(1) because it fails to allege the elements of retaliation; and 4) the evidence is insufficient to prove retaliation. Because we find the evidence insufficient to sustain the finding that Officer Eby suffered serious bodily injury, we reform the judgment of the trial court to dismiss the conviction for aggravated assault. We affirm the conviction and sentence on the retaliation charge.

### Background Facts

On December 25, 1994, Officer Eby observed McCoy walking in the middle of the far right lane of South Cooper Street in Arlington, Texas. Traffic was changing lanes to avoid McCoy. Using his P.A. system, Officer Eby twice ordered McCoy to step out of the street. McCoy turned to look at Officer Eby but did not respond. Officer Eby parked his car in front of McCoy to prevent McCoy from being hit by a car, got out of his patrol car, approached McCoy, and asked McCoy again to step out of the street. McCoy did not move; he simply stared at Officer Eby. Officer Eby informed McCoy that he was under arrest for "being a pedestrian in the roadway." McCoy stated that he was not going to jail and walked away. Officer Eby again told McCoy he was under arrest and told him to put his hands behind his back. When McCoy did not comply, Offi-

cer Eby grabbed McCoy by the left elbow, attempting to place McCoy into custody.

McCoy then spun around and hit Officer Eby in the mouth with his fist, causing Officer Eby to fall back on the ground. Officer Eby activated the emergency button on his radio to call for backup. Officer Eby sprayed pepper spray at McCoy in an attempt to subdue him. The pepper spray had no effect on McCoy. McCoy charged Officer Eby and chased Officer Eby into the street and around the patrol car. McCoy tried to hit Officer Eby a second time. Officer Eby ducked, but McCoy hit him just above the left ear, leaving a small bump. Spraying McCoy with pepper spray a second time also had no effect. McCoy continued trying to hit and kick Officer Eby. Officer Eby then tried to disable McCoy by striking McCoy with a baton in the left thigh. According to Officer Eby, this had no effect on McCoy either. Backup officers arrived after Officer Eby began using the baton. At that point, the officers subdued McCoy and handcuffed him.

Officer Eby sustained cuts on both the outside and inside of his upper lip, a lump on the left side of his head, and a scraped knee. Two other officers who arrived at the scene testified that Officer Eby was bleeding and had a cut to his lip. The lip cut was treated with an ice pack at the scene. Officer Eby then drove himself to South Arlington Medical Center where the cut was sealed with butterfly tape. After he was released from the hospital, Officer Eby finished his shift. The trial court found that Officer Eby has "a lasting and permanent scar" on his lip as a result of the assault.

### Definition of Public Servant

■ In point of error one, McCoy complains that his convictions should be reversed because Officer Eby is not a "public servant" as that term is defined in the Penal Code. We disagree.

The pertinent parts of section 22.02 define aggravated assault against a "public servant" as follows:

(a) A person commits an offense if the person commits assault as defined in Section 22.01 and the person:

(1) causes serious bodily injury to another . . .

. . . .

(b) An offense under this section is a felony of the second degree, except that the offense is a felony of the first degree if the offense is committed:

. . . .

(2) against a person the actor knows is a *public servant* while the *public servant* is lawfully discharging an official duty, or in retaliation or on account of an exercise of official power or performance of an official duty as a *public servant* . . .

. . . .

(c) The actor is presumed to have known the person assaulted was a *public servant* if the person was wearing a distinctive uniform or badge indicating the person's employment as a *public servant.*

TEX. PENAL CODE ANN. § 22.02(a)(1), (b)(2), (c) (emphasis supplied). Section 36.06 provides that a person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act "in retaliation for or on account of the service of another as a *public servant.*" *Id.* § 36.06(a)(1) (emphasis supplied).

"Public servant" is defined in the Penal Code as follows:

(41) "Public servant" means a person elected, selected, appointed, employed, or otherwise designated as one of the following, even if he has not yet qualified for officer or assumed his duties:

(A) an officer, employee, or agent of government. . . .

*Id.* § 1.07(a)(41)(A) (Vernon 1994). Although police officers are not specifically mentioned in this definition, other courts have held that police officers are public servants for the purposes of the official oppression statute. *See Bryson v. State,* 807 S.W.2d 742, 745–46 (Tex.Crim.App.1991); *Prevo v. State,* 778 S.W.2d 520, 525 (Tex.App.—Corpus Christi 1989, pet. ref'd). This interpretation of "public servant" is consistent with the legislative mandate to construe the provisions of the Penal Code liberally "to promote justice and effect the objectives of the Code." TEX. PENAL CODE ANN. § 1.05(a) (Vernon 1994).

It is undisputed that Officer Eby is employed as a police officer by the City of Arlington. Because he is an employee of a municipality, we hold that Officer Eby is a public servant within the meaning of the Penal Code. Point of error one is overruled.

*Aggravated Assault Against Public Servant*

█ In point of error two, McCoy alleges that the evidence is legally insufficient to sustain a finding of "serious bodily injury." The State contends that the evidence is sufficient to show that Officer Eby suffered serious bodily injury because the cut on his mouth has left a small scar, which the State contends is a "serious permanent disfigurement."

█ Under section 22.02(a)(1) of the Penal Code, an assault is aggravated if it "causes serious bodily injury to another." TEX. PENAL CODE ANN. § 22.02(a)(1). Section 1.07(a)(46) of the Penal Code defines serious bodily injury as "bodily injury that creates a substantial risk of death or that causes death, *serious permanent disfigurement,* or protracted loss or impairment of the function of any bodily member or organ." *Id.* § 1.07(a)(46) (emphasis supplied). To be a serious bodily injury, the injury "must be grave, not trivial," that is, it must be "such an injury as gives rise to apprehension of danger to life, health or limb." *Hatfield v. State,* 377 S.W.2d 647, 648 (Tex.Crim.App. 1964); *Jackson v. State,* 168 Tex.Crim. 51, 323 S.W.2d 442, 443 (1959). Whether an injury is a "serious bodily injury" is determined on an ad hoc basis. *Moore v. State,* 739 S.W.2d 347, 352 (Tex.Crim.App.1987).

█ In reviewing the legal sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the judgment. *Narvaiz v. State,* 840 S.W.2d 415, 423 (Tex.Crim.App.1992), *cert. denied,* 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Emery v. State,* 881 S.W.2d 702, 705 (Tex.

Crim.App.1994), *cert. denied*, ——— U.S. ———, 115 S.Ct. 1257, 131 L.Ed.2d 137 (1995). This standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).

■ Legal sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the State's evidence or believe that the defense's evidence outweighs the State's evidence. *See Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim.App.1991); *Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). The judgment may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson*, 819 S.W.2d at 846.

In the instant case, it is undisputed that Officer Eby has a barely visible scar on his mouth. He told the court that "[t]here is a slight scar. Unless you are looking for it, you really can't see it now." Pictures of Officer Eby show a small cut on the inside and the outside of Officer Eby's mouth, but all of those pictures were taken before the cuts had healed. Although the trial court observed that Officer Eby had a "lasting and permanent" scar on his lip, we do not believe this fact is sufficient to support a finding that Officer Eby's injury constitutes a serious permanent disfigurement. Point of error two is sustained.

### *Retaliation Against a Public Servant*

In his third point of error, McCoy complains that his conviction for retaliation against a public servant under section 36.06(a)(1) should be reversed because the indictment fails to allege that McCoy harmed Officer Eby in retaliation for his arrest.

■ Failure to allege an offense is a substantive defect in an indictment. TEX. CODE CRIM. PROC. ANN. art. 27.08 (Vernon 1989). However, substantive defects in an indictment are waived if not first objected to in a pretrial motion to quash. *Id.* art. 1.14(b) (Vernon Supp.1996).

■ McCoy did not file a motion to quash or otherwise object before trial to the alleged defects in the indictment. As a result, we hold that he has waived his right to complain of the alleged defects in the retaliation count of the indictment. *Id.; see Studer v. State*, 799 S.W.2d 263, 268 (Tex.Crim.App.1990).

■ McCoy further contends that the evidence is insufficient to prove that Officer Eby was harmed by McCoy in retaliation for the arrest. We disagree.

The evidence shows that Officer Eby was acting in the course and scope of his duties as a police officer at all relevant times. When Officer Eby told McCoy that he was under arrest, McCoy informed Officer Eby that he was not going to jail and then turned and walked away. As Officer Eby approached McCoy to arrest him, McCoy struck him with his fist and attempted to kick him. Based on this evidence, we find that a rational trier of fact certainly could have found that McCoy struck Officer Eby "on account of [his services] as a public servant," i.e., because Officer Eby was attempting to discharge his duty as a police officer in arresting McCoy. Point of error three is overruled.

We affirm McCoy's conviction and ten-year sentence for the offense of retaliation. However, we reform the judgment of the trial court to dismiss McCoy's conviction and sentence for the offense of aggravated assault on a public servant. The judgment as reformed is affirmed.