Calvin C. RILEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–96–00369–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 2, 1997.

Discretionary Review Refused
April 29, 1998.

———

Deborah S. Holmes, Huntsville, for appellant.

Gina M. Debottis, Huntsville, for appellee.

Before NUCHIA, WILSON and BASS,[1] JJ.

[1] The Honorable Sam Bass, retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

## OPINION

NUCHIA, Justice.

A jury convicted appellant of retaliation, and the trial court sentenced him to 25 years in prison. We reverse.

## BACKGROUND

Appellant is a prison inmate at the Ellis I unit of the Texas Department of Criminal Justice—Institutional Division (TDCJ–ID). As he walked past the prison's central control desk one afternoon, a guard ordered him to halt and return to the desk. Appellant refused and continued down the corridor. Unable to leave his post at the desk, the central control guard enlisted the help of another guard, Officer Freeman, to secure appellant's compliance with the order. After Freeman ordered appellant to stop several times, he attempted to physically block appellant's way. Freeman and appellant then became involved in a physical altercation in which Freeman suffered multiple cuts to his face, twisted his ankle, and was knocked unconscious.

After a jury convicted appellant of retaliation, the trial court sentenced him to 25 years in prison—that term to be stacked on the term of confinement appellant was serving at the time of the incident.

## DISCUSSION

■ In his first two points of error, appellant challenges the legal and factual sufficiency of the evidence against him. In his third point of error, appellant argues the trial court erred in overruling his motion to quash the indictment.

When reviewing the legal sufficiency of the evidence against appellant, we must determine "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 n. 12, 99 S.Ct. 2781, 2789 n. 12, 61 L.Ed.2d 560 (1979). In doing so, we consider all evidence in the record—and rea-

sonable inferences therefrom—in the light most favorable to the jury's findings. *Richardson v. State,* 879 S.W.2d 874, 879 (Tex. Crim.App.1993).

When reviewing the factual sufficiency of the evidence, however, we examine all the evidence equally—without the prism of "in the light most favorable to the prosecution"—and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State,* 922 S.W.2d 126, 134 (Tex.Crim.App.1996).

Both of appellant's first two points of error focus on the sufficiency of evidence to prove his skirmish with Freeman was in retaliation to Freeman's services as a public servant. We first address his legal sufficiency argument. *Clewis,* 922 S.W.2d at 133.

When viewed in the light most favorable to the prosecution, the evidence demonstrates the following. Hopper, the officer manning the central desk, ordered appellant to stop. Appellant refused and began walking away from Hopper. Because Hopper could not leave his post at the central desk, he ordered Freeman to stop appellant. After appellant refused to heed Freeman's order to stop, Freeman extended his arm across appellant's path to detain him. When appellant pushed Freeman's arm out of his way, Freeman grabbed appellant by the shoulders and placed his back against the wall. After the two exchanged words, appellant punched Freeman in the face.

The State argues the facts in this case are analogous to those in *McCoy v. State,* 932 S.W.2d 720 (Tex.App.—Fort Worth 1996, no pet.). In *McCoy,* a police officer was assaulted by a person he was attempting to arrest. The court concluded a rational trier of fact could have found that, under those circumstances, the officer was struck on account of his services as a public servant. Appellant, however, urges us to follow the reasoning articulated by the El Paso Court of Appeals in *In re M.M.R.,* 932 S.W.2d 112 (Tex.App.—El Paso 1996, no writ). In *M.M.R.,* a supervisor in a juvenile half-way house attempted to break up a fight. He was assaulted by one of the two juveniles involved in the fight attempting to get away from the supervisor and continue fighting.

Both the El Paso court in *M.M.R.,* and the Fort Worth court in *McCoy,* acknowledged the victims in those cases were carrying out their duties as public servants when assaulted. The El Paso court concluded, however, that TEX. PENAL CODE ANN. § 36.06(a)(1) (Vernon 1994) requires proof of a retributory element—that is, proof that the unlawful act was committed in retaliation for, or on account of, another person's service as a public servant. *See M.M.R.,* 932 S.W.2d at 115. The *M.M.R.* court also observed that proof that an accused harmed a public servant who was lawfully discharging an official duty, without more, fails to establish the required retributory element. *See Id.*[2]

We find the reasoning of the *M.M.R.* court persuasive, and conclude that, to support a conviction under TEX. PENAL CODE ANN. § 36.06(a)(1), it is not enough that the State demonstrate a public servant was harmed while lawfully discharging his official duties. It must prove the harm inflicted resulted from a retributive attack for duties already performed. We conclude that, in this case, there is no evidence supporting that retributory element. As such, we hold the evidence here legally insufficient to support a conviction under TEX. PENAL CODE ANN. § 36.06(a)(1).

We sustain appellant's first point of error.

We reverse the judgment of the trial court and order that a judgment of acquittal be entered.

---

2. *But cf.* TEX. PENAL CODE ANN. § 22.01 (Vernon 1994 & Supp.1997). To conclude otherwise would be to disregard the notion that former section 22.01 was directed at harm to a public servant in the process of discharging his official duty, and section 36.06 addresses harm to a public servant for a duty discharged previously. The present version of section 22.01 recognizes the distinction between a public servant harmed while performing his official duty, and a public servant harmed in retaliation for, or on account of, past performance of an official duty.