Marcus WRIGHT, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–97–180 CR.

Court of Appeals of Texas,
Beaumont.

Submitted Nov. 5, 1998.

Decided Dec. 9, 1998.

Tom Brown, Livingston, for appellant.

John S. Holleman, District Attorney, Livingston, Mark Mullin, Special Prosecution Unit, Huntsville, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

A jury found Marcus Wright guilty of retaliation and assessed punishment at confinement in the Texas Department of Criminal Justice, Institutional Division, for a term of ten years, and a $5,000 fine. The trial court ordered the sentence to be served consecutively to the offense for which Wright was incarcerated at the time he committed the offense. The sole point of error challenges the legal and factual sufficiency of the evidence to support the conviction.

In reviewing the legal sufficiency of the evidence, we consider all the record evidence in the light most favorable to the trial court's verdict and determine whether, based on that evidence and all reasonable inferences therefrom, any rational trier of fact could have found appellant guilty beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991).

In determining the factual sufficiency of the evidence, we review all of the evidence impartially, compare the evidence which tends to prove the existence of an elemental fact in dispute to the evidence which tends to disprove that fact, and set aside the verdict and remand for a new trial only if the verdict is so contrary to the overwhelming weight of the evidence that it is clearly wrong and unjust. *Santellan v. State,* 939 S.W.2d 155, 164 (Tex.Crim.App.1997); *Clewis v. State,* 922 S.W.2d 126, 135 (Tex.Crim.App.1996). We "must defer to jury findings, and may find the evidence factually insufficient only where necessary to prevent manifest injustice." *Cain v. State,* 958 S.W.2d 404, 407 (Tex.Crim.App.1997).

The indictment alleged Wright intentionally and knowingly harmed William Bynum, a correctional officer, in retaliation for and on account of Bynum's service as a public servant, by striking Bynum in the face with his hand. William Bynum and another correctional officer took Wright to the shower during a period of time when the prisoners in that particular pod of the Terrell Unit were on "lock down." Upon returning to the cells, Wright demanded Bynum open the door to

the adjoining cell so that Wright could kill the inmate housed there. Bynum noticed Wright was holding a razor blade attached to a toothbrush. He refused to open the door. Wright said if Bynum didn't roll the door, he would cut him. Wright started towards Bynum, who backed away. Wright hit Bynum on the nose, breaking Bynum's nose and lacerating the skin beneath Bynum's eye. He turned to the other correctional officer, stating, "Do you want some of this, bitch?" The officers ran out of the pod, with Wright in pursuit.

Wright did not testify at trial. His confession, published to the jury, stated he had a razor blade in his mouth when he went to the shower. Wright told the officer to open the cell, and when the officer refused, "I told the boss if he did not open the cell I would slice his neck open." Wright claimed he became frightened when the officer backed away, so he hit the officer with his fist.

On appeal, Wright argues he assaulted Bynum not in retaliation, but to further Wright's goal of reaching the inmate in the adjoining cell by getting Bynum to open the other inmate's cell door. Wright relies upon *Matter of M.M.R.*, 932 S.W.2d 112 (Tex. App.—El Paso 1996, no pet.), which held the evidence insufficient to prove a retaliatory purpose in a case where the appellant, intent upon fighting another juvenile, assaulted the officer who was trying to restrain him. In another case in which an inmate assaulted the correctional officer who was trying to affect compliance with his orders, the First Court of Appeals agreed with the reasoning of *M.M.R.*, holding that to support a conviction under Texas Penal Code Section § 36.06(a)(1), the State must demonstrate a public servant was harmed, not just while lawfully discharging official duties, but "from a retributive attack for duties already performed." *Riley v. State*, 965 S.W.2d 1, 2 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd). Other courts have not required that the retributive attack arise from duties already performed, and have upheld convictions for retaliation based upon a single incident arising out of an arrest. *Stafford v. State*, 948 S.W.2d 921, 923–24 (Tex.App.— Texarkana 1997, pet. ref'd); *McCoy v. State*,

932 S.W.2d 720, 724 (Tex.App.—Fort Worth 1996, pet. ref'd).

The penal statute does not require the threat or harm be in retaliation for *past* service as a public servant. TEX. PEN.CODE ANN. § 36.06(a) (Vernon Supp.1998). The necessary retributory intent will often be missing in a single encounter between an actor and a public servant, such as an assault occurring incidentally to the actor's resistance to arrest or other exercise of police power and not motivated by the exercise of that power. This case illustrates the situation in which there is evidence of retributive intent formed contemporaneously with the discharge of the public servant's duties. Wright tried to accomplish his primary goal, an assault on the inmate in the next cell, by compelling the correctional officer to act in a manner contrary to his duty as a public servant. When Bynum resisted, Wright struck him, breaking Bynum's nose. Striking Bynum could not facilitate the assault on the other inmate, nor could it facilitate Wright's escape from the Terrell Unit; the assaultive act could only provide vengeance for thwarting the prisoner's criminal purpose.

We hold a rational trier of fact could have found all of the elements of retaliation to have been proven beyond a reasonable doubt. Although Wright's confession supplied evidence that he was motivated by fear rather than revenge, given his threats against the other correctional officer and his pursuit of the officers as they fled the pod, we conclude the verdict is not against the overwhelming weight of the evidence. The point of error is overruled. We affirm the judgment and sentence of the trial court.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent. This is the fifth time this court has reviewed the offense of retaliation. In *Brown v. State*, No. 09–96–027–CR, 1997 WL 111994 (Tex.App.—Beaumont, March 12, 1997, pet.ref'd)(not designated for publication), Justice Stover affirmed a retaliation conviction and I dissented. My dissent relied upon *In re M.M.R.*, 932 S.W.2d 112, 115 (Tex.App.—El Paso 1996, no writ).

In *Wilson v. State*, No. 09–96–086–CR, 1997 WL 137420 (Tex.App.—Beaumont, March 26, 1997, pet.ref'd)(not designated for publication), the court, in a unanimous opinion, affirmed a retaliation conviction. Speaking for the court, I stated at page 5:

> We recognize there is a distinction between proving Wilson assaulted Piper *while* Piper was performing an official duty as a public servant and proving Wilson assaulted Piper *because* Piper had performed an official duty as a public servant.

In *Hanson v. State*, No. 09–96–234–CR, 1997 WL 354738 (Tex.App.—Beaumont, June 25, 1997, no pet.)(not designated for publication), a unanimous court affirmed a retaliation conviction. The per curiam opinion, at page 4, stated:

> We recognize the distinction, noted by the court in *In re M.M.R.*, 932 S.W.2d 112, 115 (Tex.App.—El Paso 1996, no pet.) [sic], between proving Hanson assaulted Beach *while* performing an official duty and proving Hanson assaulted Beach *because* Beach performed an official duty.

In *McCleskey v. State*, No. 09–96–228–CR and No. 09–96–229–CR, 1998 WL 106180 (Tex.App.—Beaumont, March 11, 1998, pet. ref'd)(not designated for publication) Justice Stover, writing for the majority, did not note our previous writings, but merely stated, at pages 8–9:

> Thus, a rational trier of fact could have found beyond a reasonable doubt that appellant attacked Evans "in retaliation for or on account of" Evans services as a public servant. *See, e.g., McCoy v. State*, 932 S.W.2d 720 (Tex.App.—Fort. Worth 1996, pet. ref'd).

I dissented and stated, at pages 3–4:

> Having acknowledged, and I believe accepted, the reasoning of *M.M.R.*, we should not retreat from that position. The facts show McCleskey assaulted Bunting and Evans *while* they were performing their official duties as public servants rather than *because* they had performed any official duties as public servants. There is no evidence in the record the assault was in retaliation for or on account of Evans' performance of any official duty.

In *Riley v. State*, 965 S.W.2d 1, 2 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd), Justice Nuchia[1] stated:

> The State argues the facts in this case are analogous to those in *McCoy v. State*, 932 S.W.2d 720 (Tex.App.—Fort Worth 1996, [pet. ref'd] ). In *McCoy*, a police officer was assaulted by a person he was attempting to arrest. The court concluded a rational trier of fact could have found that, under those circumstances, the officer was struck on account of his services as a public servant. Appellant, however, urges us to follow the reasoning articulated by the El Paso Court of Appeals in *In re M.M.R.*, 932 S.W.2d 112 (Tex.App.—El Paso 1996, no writ). In *M.M.R.*, a supervisor in a juvenile half-way house attempted to break up a fight. He was assaulted by one of the two juveniles involved in the fight attempting to get away from the supervisor and continue fighting.

> Both the El Paso court in *M.M.R.*, and the Fort Worth court in *McCoy*, acknowledged the victims in those cases were carrying out their duties as public servants when assaulted. The El Paso court concluded, however, that TEX. PENAL CODE ANN. § 36.06(a)(1) (Vernon 1994) requires proof of a retributory element—that is, proof that the unlawful act was committed in retaliation for, or on account of, another person's service as a public servant. *See M.M.R.*, 932 S.W.2d at 115. The *M.M.R.* court also observed that proof that an accused harmed a public servant who was lawfully discharging an official duty, without more, fails to establish the required retributory element. *See Id.*[2]

---

1. Prior to being elected to the First Court of Appeals Justice Nuchia served as the Police Chief of Houston.

2. *But cf.* TEX. PENAL CODE ANN. § 22.01 (Vernon 1994 & Supp.1997). To conclude otherwise would be to disregard the notion that former section 22.01 was directed at harm to a public servant in the process of discharging his official duty, and section 36.06 addresses harm to a public servant for a duty discharged previously. The present version of section 22.01 recognizes the distinction between a public servant harmed while performing his official duty, and a public servant harmed in retaliation for, or on account of, past performance of an official duty.

We find the reasoning of the *M.M.R.* court persuasive, and conclude that, to support a conviction under TEX. PENAL CODE ANN. § 36.06(a)(1), it is not enough that the State demonstrate a public servant was harmed while lawfully discharging his official duties. It must prove the harm inflicted resulted from a retributive attack for duties already performed.

Justice Nuchia's reasoning and analysis should be persuasive to this court.

Reviewing the evidence in the light most favorable to the verdict, it is clear Wright assaulted Bynum while Bynum was performing his duties as a public servant not as retribution for duties already performed. Therefore, the evidence being insufficient to sustain the retaliation conviction, the judgment should be reversed and an acquittal ordered. *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).