# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00399-CR

**Robert Edward Hastings, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT NO. 000255, HONORABLE FRED A. MOORE, JUDGE PRESIDING

### DISSENTING OPINION

In his first point of error, Hastings insists that the evidence is insufficient to support the jury=s verdict. Here, it was alleged that Hastings Aintentionally and knowingly threatened to harm, in person, another, to-wit: Jose Viegra, by an unlawful act, to-wit: threats of assault and bodily injury, in retaliation for and on account of the service of the said Jose Viegra as a . . . prospective witness.@ *See* Tex. Pen. Code Ann. ' 36.06(a)(1)(A) (West Supp. 2002). As the majority notes, the State admits that it should have charged Hastings with intentionally and knowingly threatening harm against Viegra, an ATF agent, on account of his being a public servant rather than on account of his being a prospective witness. That scenario, however, is not before us. Where the State alleges only one of several statutory alternative manners of committing an offense, the defendant may only be convicted based on the manner that is charged. *See Gollihar v. State*, 46 S.W.3d 243, 254-55 (Tex. Crim. App. 2001).

To convict the appellant based on the actual indictment, and not on a hypothetically more accurate indictment that should have been used, the State must have proved that (1) Hastings threatened Viegra, (2) Viegra was a prospective witness, and (3) Hastings threatened Viegra because Viegra was a prospective witness. *See* Tex. Pen. Code Ann. ' 36.06(a)(1)(A); *Angelo v. State*, 977 S.W.2d 169, 174 (Tex. App.CAustin 1998, pet. ref=d). There is no question that the evidence is legally sufficient to establish that Hastings threatened Viegra. I also agree that the evidence is sufficient, although barely, to show that Viegra was a prospective witness. What the evidence fails to show, however, is that Hastings threatened Viegra Ain retaliation for@ or Aon account of@ Viegra=s service as a prospective witness. Thus, I would reverse Hastings=s conviction and render a judgment of acquittal.

As the majority notes, Hastings=s own testimony, along with the other evidence, when viewed in the light most favorable to the prosecution, would allow the jury to rationally find, beyond a reasonable doubt, that Hastings knew he was committing a criminal offense by possessing handguns and a shotgun while he was under a protective order. The jury could also rationally conclude that when Hastings threatened Viegra, Hastings anticipated Viegra might be a prospective witness against him in a future criminal prosecution.

However, the statute requires more than that appellant threatened Viegra and that appellant anticipated Viegra was a prospective witness. The State must prove that the threat was made Ain retaliation for or on account of@ Viegra=s status as a prospective witness. Tex. Pen. Code Ann. ' 36.06(a)(1)(A); *Angelo*, 977 S.W.2d at 174 (noting that Aa plain reading of the statute requires the crime to have a retributory nature@). On this point, the evidence, viewed in the light most favorable to the prosecution, is

**2**

legally insufficient. As noted above, the State presented no evidence that would support a rational finding that appellant threatened Viegra *because* appellant expected or anticipated that Viegra would be a witness against him in the future. Appellant=s testimony similarly fails to provide support for such a finding.

Hastings=s testimony does not directly reflect a retributory motive, nor does it support an inference of retribution. The fact that Viegra was a prospective witness does not mean that appellant=s threats were directed at Viegra for that reason. The Eighth Court of Appeals has addressed this issue and its analysis is instructive. *See In re M.M.R.*, 932 S.W.2d 112, 114-15 (Tex. App.CEl Paso 1996, no pet.). In *M.M.R.*, the court held that the evidence was legally insufficient to support a conviction for retaliation against a public servant. *Id.* at 115. The court noted that the evidence was sufficient to show that M.M.R. struck the juvenile detention officer while trying to escape the officer=s grasp and attack another juvenile. *Id*. The court held, however, that this alone did not establish the retributory element necessary to support a conviction. *Id*. Likewise, evidence that Hastings knew he had committed an offense and that he threatened to cause physical injury to Viegra, without more, is insufficient to support the retributory element required by section 36.06.

By holding the evidence sufficient, this Court transforms any arresting police officer into a prospective witness. I acknowledge that the court of criminal appeals has stated that inclusion of a person in one of the categories covered under section 36.06(a)(1)(A) does not necessarily preclude that person=s inclusion in one of the other categories. *Morrow v. State*, 862 S.W.2d 612, 614 (Tex. Crim. App. 1993). However, the court also noted that while there may be some overlap between the categories, they are nevertheless Adistinct.@ *Id*. To infer that appellant threatened Viegra as a prospective witness based on the

**3**

evidence in the record would blur the lines between these distinct categories. To draw the inference would equate threatening an arresting police officer with threatening a prospective witness.

Furthermore, to infer retributory intent solely from Viegra=s status as a prospective witness would effectively read Ain retaliation for or on account of the service of another@ out of the statute. To hold the evidence sufficient in this case would be to say that it is enough that the State prove that a threat was made and that it was directed towards a prospective witness. In essence, it would no longer be necessary for the State to prove the threat was made on account of the anticipated testimony or in retaliation for one=s being a witness. Such a result is contrary to this Court=s analysis of the retaliation statute. *See Angelo*, 977 S.W.2d at 174 (holding that retaliatory intent is an element of section 36.06).

The State notes that intent may be inferred from an accused=s acts, words, or conduct. *See, e.g., Dues v. State*, 634 S.W.2d 304, 305 (Tex. Crim. App. 1982); *Barnes v. State*, 62 S.W.3d 288, 298-99 (Tex. App.CAustin 2001, pet. filed). While this is unquestionably true regarding Aintent@ as defined in section 6.03(a) of the Code, I do not believe that this principle is applicable as to the retaliatory element of section 36.06(a)(1). There is a fundamental difference between Aintent@ and Aretribution.@ As stated in section 6.03(a), Aa person acts . . . with intent . . . with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.@ Tex. Pen. Code Ann. ' 6.03(a) (West 1994). It is appropriate in this circumstance to infer intent from the accused=s acts, words, or conduct because the question is whether the accused intended the conduct itself (or the results thereof).

In the case of the retaliation element of section 36.06(a), however, the mental element is qualitatively different. We are not inquiring as to whether the appellant intentionally or knowingly threatened

another person, or even whether the appellant intentionally or knowingly caused the other person to feel threatened. Rather, our inquiry concerns the stimulus that led the accused to intentionally or knowingly threaten another; that is, the State must show that the threat was done on account of or in retaliation for something. This element requires that the State prove not whether the accused intended to threaten the other person but *why* the accused engaged in such activity. Under the facts and circumstances presented in this case, one cannot infer a retaliatory purpose to an accused=s threat against another person based solely upon the fact that the threat was made to a prospective witness.

Again, had Hastings been indicted and convicted for retaliation against a public servant, this Court would be presented with a different question. Because he was mistakenly indicted for retaliation against a prospective witness, this Court should reverse Hastings=s conviction due to legally insufficient evidence and render a judgment of acquittal.

I also dissent from the majority=s holding that prospective witness status should be determined from the perspective of a reasonable person, rather than from the perspective of the accused. Moreover, because Hastings failed to properly and timely request the trial court to define prospective witness in the jury charge, this discussion, which I believe to be flawed, is unnecessary *dicta*.

For these reasons, I respectfully dissent.

Bea Ann Smith, Justice

**5**

Before Chief Justice Aboussie, Justices B. A. Smith and Dally[*]

Filed:   April 25, 2002

Publish

[*]   Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov=t Code Ann. **'** 74.003(b) (West 1998).

**6**