**Affirmed and Memorandum Opinion filed April 17, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-10-01026-CR

_____

**STANLEY CREEKS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 506th District Court
Grimes County, Texas
Trial Court Cause No. 16369**

## MEMORANDUM OPINION

A jury convicted appellant Stanley Creeks of retaliation against a public servant, and the trial court sentenced him to 15 years' confinement. Appellant challenges his conviction in three issues, arguing that (1) the evidence is legally insufficient; (2) the trial court erred by admitting evidence of an extraneous offense; and (3) the trial court erred by excluding evidence about a dismissed indictment. We affirm.

### BACKGROUND

Appellant's sister, DeElla Williams, hosted a social gathering at her house. Williams's daughter and her daughter's boyfriend, Tyrone West, attended the event.

While appellant was visiting, he argued with West. Appellant exhibited a pocket knife and began sharpening it on a concrete porch. He later swung at West and made threatening comments. Appellant was heavily intoxicated — "falling down drunk." Williams's daughter called the police.

Officer Michael Mize from the Navasota Police Department received the dispatch of one subject threatening another with a weapon. Mize was driving a marked patrol car and wearing his uniform. He arrived at Williams's house at about the same time as Trooper Smith from the Texas Department of Public Safety Highway Patrol Division. Later, Corporal Daniel Rueda from the Navasota Police Department also arrived at the scene. Mize spoke with Williams, West, and Williams's daughter while Trooper Smith spoke with appellant. Mize assessed the situation as an aggravated assault with a weapon and informed Smith that appellant possibly had a knife. Smith frisked appellant and found a folding knife and a crack pipe. Mize told Rueda to put appellant in custody. Rueda and Smith handcuffed appellant and conducted a search incident to arrest; they found another knife and pipe among other things. The confiscated items were placed in the trunk of Mize's patrol vehicle, and appellant was placed in the back seat. Mize activated an audio recorder in the vehicle.

While still at the scene, appellant began kicking a rear side window from inside the patrol vehicle, so Mize and the other officers placed appellant's legs in a restraint. While Mize was transporting appellant to jail, appellant said he was going to die from cancer but would kill Mize first. Appellant repeatedly said that he was going to "take you out." Appellant spit at Mize several times, hitting Mize's face, mouth, and eye.

When they arrived at the jail, Mize began paperwork to process appellant into the jail. Appellant was arrested for aggravated assault with a weapon, assault on a peace officer, and possessing drug paraphernalia. Appellant continued to tell Mize, "I'm going to kill you, I'm going to come after you." At one point appellant tried to come towards Mize at the booking desk in an "aggressive move."

2

Appellant was indicted for retaliation, harassment, and assault on a public servant. At trial the State abandoned the assault charge, which had named Rueda as the complainant.[1] The jury found appellant guilty of retaliation but was unable to reach a verdict on the harassment charge.

SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant contends the evidence is legally insufficient to support his conviction for retaliation because there is no evidence that (1) appellant's threat was "in retribution for previous actions of a public servant rather than contemporaneous with the officer's actions;" or (2) Mize arrested appellant as alleged in the indictment and jury charge.

## I.      Standard of Review

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). The jury is the exclusive judge of the credibility of witnesses and the weight of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Thus, we defer to the jury's resolution of conflicts in the evidence, and we draw all reasonable inferences from the evidence in favor of the verdict. *Id.* We ultimately must determine whether the evidence presented actually constitutes a criminal offense as a matter of law. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

---

[1] Rueda testified that he was not aware he was a complainant, had no knowledge that the indictment existed, was not contacted to testify before a grand jury, and was not injured by appellant.

3

## II.    Retaliation for Prior Conduct

A person commits the offense of retaliation against a public servant if he or she intentionally or knowingly harms or threatens to harm another by an unlawful act in retaliation for or on account of the service or status of another as a public servant. *See* Tex. Penal Code Ann. § 36.06 (Vernon 2011).[2]    Appellant does not dispute that he threatened to harm Mize, a public servant, but he contends that his threat was not "in retaliation for or on account of the service or status" of Mize as a public servant because appellant made the threat "contemporaneous with the reason for the conduct."

Appellant relies on *In re M.M.R.*, 932 S.W.2d 112 (Tex. App.—El Paso 1996, no writ), and *Riley v. State*, 965 S.W.2d 1 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd). In *In re M.M.R.*, a behavioral orientation instructor at a juvenile half-way house separated the defendant from another juvenile after a fight.    932 S.W.2d at 114.    When the defendant attempted to reinitiate the fight, the instructor restrained him; while the instructor did so, the defendant struck the instructor in the face.    *Id.*  The court of appeals found the evidence legally insufficient, reasoning that "there is a distinction between committing an assault against a person the actor knows is a public servant while the public servant is lawfully discharging an official duty, and assaulting a public servant in retaliation or on account of an exercise of official power or performance of an official duty as a public servant."    *Id.* at 115 (citing Tex. Penal Code Ann. § 22.01 (Vernon 2011), which criminalizes assaulting a public servant).    The court of appeals concluded that "proving the actor harmed a public servant while the public servant was lawfully

---

[2] The statute provides:

> (a) A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act:
>
> > (1) in retaliation for or on account of the service or status of another as a:
> >
> > > (A) public servant, witness, prospective witness, or informant; or
> > >
> > > (B) person who has reported or who the actor knows intends to report the occurrence of a crime.

Tex. Penal Code Ann. § 36.06(a).

4

discharging an official duty, without more, fails to establish this retributory element" of retaliation. *Id.*

In *Riley*, the First Court of Appeals found the reasoning in *In re M.M.R.* persuasive and reversed the conviction of a prison inmate under circumstances in which: a guard ordered the inmate to stop moving; the inmate did not stop moving; the guard attempted to physically block the inmate's passage by extending his arm in front of the inmate; the inmate pushed the guard's arm out of the way; the guard grabbed the inmate and pushed him against a wall; the guard and inmate exchanged words; and the inmate punched the guard in the face. *Riley*, 965 S.W.2d at 2. The court held that to support a retaliation conviction, "it is not enough that the State demonstrate a public servant was harmed while lawfully discharging his official duties. It must prove the harm inflicted resulted from a retributive attack for duties already performed." *Id.*

The Beaumont Court of Appeals acknowledged *Riley* and *In re M.M.R.* in *Wright v. State*, 979 S.W.2d 868 (Tex. App.—Beaumont 1998, pet. ref'd), and noted a potential conflict among the courts of appeals: "Other courts have not required that the retributive attack arise from duties already performed, and have upheld convictions for retaliation based upon a single incident arising out of an arrest." *Id.* at 869 (citing *Stafford v. State*, 948 S.W.2d 921 (Tex. App.—Texarkana 1997, pet. ref'd); *McCoy v. State*, 932 S.W.2d 720 (Tex. App.—Fort Worth 1996, pet. ref'd)).[3] In *McCoy*, the Fort Worth Court of Appeals affirmed the defendant's conviction when he struck an officer who approached the defendant after telling the defendant he was under arrest. 932 S.W.2d at 724. In *Stafford*, the Texarkana Court of Appeals affirmed the defendant's conviction when he

---

[3] *See also* 6 Michael Charlton, *Texas Practice Series: Texas Criminal Law* § 20.6 (2d ed. 2001) ("There is a conflict in the lower courts of appeals whether the act of retaliation must be for service performed by the official servant in the past or whether a conviction may be upheld based upon a single incident arising out of an arrest.").

threatened a police officer while being transported to jail in a patrol car. 948 S.W.2d at 923–24.[4]

The Fourteenth Court of Appeals apparently has not taken a position on this issue, and we need not do so in this case. Even under the more stringent standard followed in *Riley* and *In re M.M.R.*, the evidence is legally sufficient to support appellant's conviction. In a post-*Riley* decision, the First Court of Appeals affirmed a defendant's conviction with facts similar to appellant's case. In *Hughes v. State*, No. 01-01-00698-CR, 2002 WL 2025434 (Tex. App.—Houston [1st Dist.] Aug. 30, 2002, pet. ref'd) (mem. op., not designated for publication), the defendant made verbal threats against two police officers while the officers transported the defendant to the police station following his arrest. *Id.* at *1. Acknowledging *Riley*, the First Court found the evidence legally sufficient to support the conviction because the defendant made the threat after being placed under arrest by one of the officers: "The jury could infer from the circumstantial evidence that, because appellant made the threatening remarks while under arrest, he was angered because he had been arrested." *Id.* at *2.

Appellant cites no decision reversing a conviction for legally insufficient evidence with similar facts. To the contrary, at least four courts of appeals in addition to the First Court have affirmed convictions on parallel facts, rejecting an argument identical to appellant's. *See Wiggins v. State*, 255 S.W.3d 766, 773 (Tex. App.—Texarkana 2008, no pet.) (defendant threatened officer after arrest during transportation to sheriff's department; the threats "would not have happened if not for the officer's acts done while acting as a public servant"); *Helleson v. State*, 5 S.W.3d 393, 395 (Tex. App.—Fort Worth 1999, pet. ref'd) (defendant threatened officer after arrest while sitting in patrol car; "[i]t was only after [the officer] exercised his authority as a peace officer that [the defendant] made repeated death threats"); *Martinez v. State*, No. 04-02-00103-CR, 2002 WL 31557306, at *1, *3 (Tex. App.—San Antonio Nov. 20, 2002, no pet.) (not

---

[4] The Beaumont Court of Appeals in *Wright* ultimately decided that the "statute does not require the threat or harm be in retaliation for ***past*** service as a public servant." 979 S.W.2d at 869.

6

designated for publication) (defendant threatened officer after arrest during transportation to police station; the "retaliatory element can be inferred from the circumstances surrounding the threats"); *Schiele v. State*, No. 09-98-00067-CR, 1999 WL 147306, at *1 (Tex. App.—Beaumont Mar. 17, 1999, no pet.) (not designated for publication) (defendant threatened officer after arrest while sitting in the patrol car).

It is undisputed that appellant threatened Mize ***after*** appellant was arrested and while Mize transported him to jail. Based on this sequence of events, a rational jury could conclude that appellant threatened Mize as a "retributive attack for duties already performed" — that is, "in retaliation for or on account of the service or status" of Mize as a public servant.

## III.   Arrest

The indictment and charge authorized the jury to convict appellant if it found that appellant threatened Mize on account of Mize's service "as a public servant, to-wit: arresting [appellant]." Appellant argues that "there was no evidence that Mize arrested appellant," and because Mize "did not arrest appellant, any subsequent threat could not be in retaliation for his arrest of appellant."

Assuming for argument's sake that a hypothetically correct jury charge, against which the sufficiency of the evidence is measured, would require reversal upon failure of the State to prove that Mize arrested appellant, we find the evidence at trial sufficient for a rational jury to conclude that Mize arrested appellant. Mize testified that he told Rueda to place appellant in custody, and thereafter Rueda and Smith handcuffed appellant and searched him incident to arrest. Appellant was placed in Mize's patrol vehicle, and later Mize and the other officers put leg restraints on appellant. Rueda answered affirmatively to the question, "And at some point did Officer Mize tell you he was placing Stanley Creeks under arrest?" Mize answered affirmatively to defense counsel's questions, "[W]hat you actually made the arrest on was an aggravated assault with a weapon; is that

right? . . . That's what you made the arrest on? . . . That's what your arrest was for?" This evidence is legally sufficient.

Accordingly, appellant's first issue is overruled.

## ADMISSION OF EXTRANEOUS OFFENSE EVIDENCE

In his second issue, appellant contends that the trial court erred by admitting evidence of extraneous offenses — "photographs of a glass pipe and steel cleaning pad." Regardless of whether the trial court erred, we find any such error harmless.

We must disregard non-constitutional errors that do not affect substantial rights. *See* Tex. R. App. P. 44.2(b). Generally, error predicated on the trial court "overruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling." *Leday v. State*, 983 S.W.2d 713, 717–18 (Tex. Crim. App. 1998); *see also, e.g.*, *Chapman v. State*, 150 S.W.3d 809, 814–15 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (error harmless because same or similar testimony admitted without objection)

Appellant's trial counsel objected to the admission of Exhibits 1 and 2 — photographs of the glass pipes and steel cleaning pad found on appellant. But Exhibit 7, an envelope containing the two glass pipes and Brillo pad actually retrieved from appellant, was admitted at trial without objection. Further, at least three witnesses testified without objection that the officers found crack pipes on appellant. Williams and Mize described these items as drug paraphernalia. Considering the evidence admitted without objection on this subject, admission of the photographs could not have affected appellant's substantial rights.

Appellant's second issue is overruled.

## EXCLUSION OF INDICTMENT-RELATED TESTIMONY

In his third issue, appellant contends that the trial court erred by limiting his cross-examination of Rueda "concerning an indictment on which the jury panel was

8

questioned." Appellant argues that he "sought to develop the reason the [assault] indictment was abandoned: it had no basis in fact." Appellant argues that he was "entitled to develop the evidence which showed that the indictment was baseless," and that he was "prohibit[ed] from developing the evidence on the charge of assault." We hold that appellant failed to preserve any error for our review because he did not make an offer of proof for any excluded testimony. Regardless, the record does not show that appellant was prohibited from questioning Rueda about the lack of factual basis for the assault charge, and the trial court did not err by limiting repetitive testimony about the fact that the State dismissed the indictment.

Defense counsel questioned Rueda at trial about the previously dismissed indictment for assault on a public servant, which had named Rueda as the complainant. Rueda testified that his incident report indicated he was not injured. He was not aware that appellant was indicted for assault on a public servant or that he was the complainant. He had no knowledge of the indictment's existence, and he was not contacted to testify before the grand jury. Defense counsel then asked Rueda, "Do you have any idea how [the indictment] came about and that it evolved that you were named?" The State objected because the question had "nothing to do with this case." When the trial court prompted counsel to explain "where you're going with it," counsel said, "[T]his is just more overreaching by the State that got us here."

The trial court said, "[O]n the administrative side from the indictment, the activities of the district attorney, you can't impugn the district attorney's office on their credibility of what they're doing. That would be an improper line of questioning." The trial court explained further,

> There's no question that you can develop the facts; but where we seem to be going is attacking the administrative procedures of the grand jury and the indictment process and whether this indictment was or was not dismissed, and that's the part that I'm ruling against you.

*      *      *

9

> Again, certainly develop any facts continuing with this witness, but let's stay away from what the district attorney's office did or did not do because that's not relevant to the case at hand.

When counsel asked about the "parameters that you allow me to develop" about the dismissal of the indictment, the court responded,

> I think you've already covered that. So, any further going into it would fall under the category of redundancy and bolstering the testimony. I think it's very clear that the case was dismissed and that testimony is already before the jury in two series of questions. I'm going to limit you to those two times rather than give you a third. Now, if you bring Mize back and ask him the question, I'll give it to you a [third] time.

Appellant did not make an offer of proof for any testimony that he intended to elicit from Rueda.

"Error may not be predicated upon a ruling" excluding evidence unless "the substance of the evidence was made known to the court by offer, or was apparent from the context within which questions were asked." Tex. R. Evid. 103(a)(2). Appellant argues on appeal that he would have elicited additional information from Rueda to show that the assault charge "had no basis in fact." But counsel failed to make it known to the court, and it is not apparent from the context, what evidence he intended to elicit from Rueda to further show that the assault charge had no basis in fact. We cannot determine whether error occurred or appellant was harmed. *See Mays v. State*, 285 S.W.3d 884, 890 (Tex. Crim. App. 2009) ("The primary purpose of an offer of proof is to enable an appellate court to determine whether the exclusion was erroneous and harmful." (quotation omitted)). Thus, appellant has failed to preserve error.

Further, the record shows that appellant was not restricted from questioning Rueda about the lack of factual basis for the assault charge. The trial court repeatedly informed counsel that he could develop the facts of the assault charge, and counsel did so by eliciting testimony from Rueda that he was not injured and was unaware that he was named as a complainant for assault on a public servant. Additionally, the trial court had

discretion to limit redundant questions about the fact that the indictment was dismissed. *See, e.g.*, *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) (trial courts may limit repetitive questioning). Both Mize and Rueda previously testified that the assault charge was dismissed.

Appellant's third issue is overruled.

## CONCLUSION

Having overruled all of appellant's issues, we affirm the trial court's judgment.


/s/     William J. Boyce
        Justice


Panel consists of Justices Brown, Boyce, and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).