In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00092-CV


______________________________




IN THE GUARDIANSHIP OF AMOS FRANK TIMMINS, SR., 


AND BONNIE BERNICE TIMMINS,


INCAPACITATED PERSONS




 


On Appeal from the County Court at Law


 Harrison County, Texas


Trial Court No. 2005-262-G




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Bonnie Bernice Timmins, appellant, filed her notice of appeal in this Court September 5,
2006. 

 Timmins has not filed a docketing statement with this Court, nor has she paid a filing fee or
made any claim of indigency. See Tex. R. App. P. 32. There is nothing in the record to indicate
Timmins has made efforts to have either the clerk's record or reporter's record filed with this Court,
and she has not filed a brief. On October 24, 2006, we contacted Timmins by letter, giving her an
opportunity to cure the various defects and warning her that, if we did not receive an adequate
response within ten days, this appeal would be subject to dismissal for want of prosecution. See
Tex. R. App. P. 42.3(b), (c). 

 We have received no communication from Timmins. Pursuant to Tex. R. App. P. 42.3(b),
we dismiss this appeal for want of prosecution. 



 Josh R. Morriss, III

 Chief Justice


Date Submitted: November 28, 2006

Date Decided: November 29, 2006





;  


Before Ross, Carter and Cornelius,* JJ.
Opinion by Justice Cornelius

________________________________________
*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment


O P I N I O N

            A jury convicted Charles Wilson of aggravated assault arising from a melee among inmates
at a prison facility during which Wilson stabbed Charles Warner several times. Wilson's
punishment, enhanced by prior convictions, was set by the jury at fifty years' confinement.
            Wilson's only contention on appeal is that the evidence is legally and factually insufficient
to support the conviction for aggravated assault because it does not show that the injuries suffered
by Warner constituted serious bodily injury.
            A person commits aggravated assault if the person commits an assault and the person causes
serious bodily injury to another. Tex. Pen. Code Ann. § 22.02(a)(1) (Vernon Supp. 2004). Serious
bodily injury is defined as, among other things, bodily injury that creates a substantial risk of death. 
Tex. Pen. Code Ann. § 1.07(a)(46) (Vernon Supp. 2002).
            In a criminal case, the evidence is legally sufficient to support the conviction if, viewing the
evidence in the light most favorable to the prosecution, any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307
(1979). The Texas Court of Criminal Appeals recently refined the standard for reviewing factual
sufficiency. In Zuniga v. State, No. 539-02, 2004 Tex. Crim. App. LEXIS 668, at *20 (Tex. Crim.
App. Apr. 21, 2004), the court held that, when an appellant challenges the factual sufficiency of the
evidence, the reviewing court must determine whether, considering all the evidence in a neutral light,
the jury was rationally justified in reaching its verdict beyond a reasonable doubt. Id. There are two
ways in which the evidence may be factually insufficient. First, the evidence supporting the verdict,
if considered alone, may be too weak to support the jury's finding beyond a reasonable doubt. Id. 
Second, if—when weighing the evidence supporting and contravening the conviction—the reviewing
court concludes the contrary evidence is strong enough that the state could not have met its burden
of proof, then the evidence must be held to be insufficient. Id. "Stated another way, evidence
supporting guilt can 'outweigh' the contrary proof and still be factually insufficient under a beyond-a-reasonable-doubt standard." Id. If the evidence is factually insufficient, the reviewing court must
reverse the judgment and remand for a new trial. Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim.
App. 1996). 
            The determination of whether injuries constitute serious bodily injury as defined by the
statute must be made on an ad hoc basis. Moore v. State, 739 S.W.2d 347, 352 (Tex. Crim. App.
1987); McCoy v. State, 932 S.W.2d 720 (Tex. App.—Fort Worth 1996, pet. ref'd). And, in
determining this issue, the relevant inquiry is the extent of the injury as inflicted, not after its effects
have been ameliorated by medical treatment. Brown v. State, 605 S.W.2d 572, 575 (Tex. Crim. App.
[Panel Op.] 1980); Barrera v. State, 820 S.W.2d 194, 196 (Tex. App.—Corpus Christi 1991, pet.
ref'd).
            According to the medical testimony, Warner had six penetrating stab wounds to his lower
chest and abdomen, which affected his heart, spleen, liver, and intestines. His heart had fluid around
it, probably due to a stab wound. His spleen was injured by a stab wound. His liver appeared to
have been injured by one of the stab wounds, and other areas of his abdomen had distortion and
abnormalities probably related to the stab wounds. After the injuries, Warner was first taken to the
emergency unit at the prison and later was transferred to a hospital and placed in the intensive care
unit. He stayed in intensive care for some twenty-four hours. The doctors considered surgery, but
after observing Warner carefully for awhile, they decided not to do surgery unless his condition
worsened. He was given antibiotics, and after four days was returned to the prison.
            Wilson contends there is legally and factually insufficient evidence to show that Warner
received serious bodily injuries. He makes this contention primarily because some of the medical
testimony was that Warner's injuries could cause a substantial risk of death, not that they did cause
such a risk. We reject this contention. Together with all the other evidence, there is specific and
direct evidence from Dr. Norris that Warner suffered life-threatening injuries that created a
substantial risk of death. Dr. Norris testified in part as follows:
            [ON DIRECT:]
 
Q. . . [W]ithout the medical intervention that y'all performed for
Mr. Warner, was there a--in your opinion was there a substantial risk of death if he
had not been treated and seen by a doctor?
 
AThe wounds that he sustained were in the areas of significant vital
function. The heart, the lungs, abdominal--intra-abdominal structures that if they had
actually had significant injuries, would have created a life-threatening situation for
him.
 
. . . . 

            [ON CROSS:]
 
AThere was blood in the pericardial cavity, which is the cavity that
contains the heart. One millimeter more, it would have been in the heart. That's a
significant injury.
 
. . . . 
 
QIt wasn't a life-threatening injury.
 
AIt was a potential life-threatening injury, . . . .
 
. . . .
 
                        Q         Because it was not one millimeter more, it wasn't an injury that
presented a substantial risk of death.
 
AThat's your interpretation, but that's not a medical interpretation.
 
                        Q         Well, we're talking about legal . . .
 
AThat's fine. You can talk legal all you want, but medically, he had a
life-threatening injury.
 
. . . .

            [ON RE-DIRECT:]
 
QDoctor Norris, one last little thing. One of the last questions you
answered to Mr. Nash, is it your opinion that Mr. Warner on that day and on that
occasion was an extremely lucky individual?
 
AYes.
 
QSomebody else standing in the same place as Mr. Warner potentially
could have died from those injuries?
 
AI have had many other patients in the same circumstances who were
seriously injured or did die from those circumstances.

            We find that the jury could have rationally found from all this testimony that Warner suffered
injuries that created a substantial risk of death. We thus conclude there is legally and factually
sufficient evidence to support the conviction. See, e.g., Hart v. State, 581 S.W.2d 675 (Tex. Crim.
App. [Panel Op.] 1979); Boney v. State, 572 S.W.2d 529 (Tex. Crim. App. [Panel Op.] 1978);
Garcia v. State, 17 S.W.3d 1 (Tex. App.—Houston [1st Dist.] 1999, no pet.).
            For the reasons stated, we affirm the judgment.



                                                                        William J. Cornelius*
                                                                        Justice


*Chief Justice, Retired, Sitting by Assignment

 
Date Submitted:          April 29, 2004
Date Decided:             June 24, 2004

Publish