# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00413-CR

**David Nandin, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF MCCULLOCH COUNTY, 198TH JUDICIAL DISTRICT
## NO. 5344, HONORABLE MELVIN REX EMERSON, JR., JUDGE PRESIDING

## O P I N I O N

Appellant David Nandin was convicted by a jury of the third-degree felony of retaliation. *See* Tex. Penal Code § 36.06(a)(1)(A). After finding that Nandin had previously been convicted of another felony, the jury assessed punishment at twenty years' imprisonment and a $10,000.00 fine. *See id.* §§ 36.06 (c), 12.33, 12.42(a). On appeal, Nandin claims (1) the trial court erred in denying his motion to quash the indictment, (2) the evidence is insufficient to support the jury's verdict, and (3) the trial court erred in denying his requested jury instruction. We affirm the judgment of the trial court.

## BACKGROUND

The jury heard evidence that, on May 19, 2009, Ty Tully, a McCulloch County deputy sheriff, was at the sheriff's office adjacent to the McCulloch County jail, when a jailer called him for help with an inmate who was in the jail recreation yard, throwing shoes and a weight. Deputy Tully

went out to the jail yard and saw Nandin extremely agitated, pacing back and forth in his boxer shorts, his orange jail jumpsuit lying on the ground. Nandin told the deputy that he was upset with the jail administrator for not getting the time credit that he claimed the administrator had promised him. Deputy Tully ordered all the inmates in the jail yard "to go and have the jailer put them away"; all but Nandin complied. The deputy then walked towards Nandin, who was still pacing back and forth, to try to diffuse the situation and calm him down. However, according to Deputy Tully, Nandin took an aggressive posture, put his fists up, stated "let's go," and started towards the deputy. At that, Deputy Tully pepper-sprayed Nandin in the face. Again Nandin charged Deputy Tully and swung at his head. The deputy, however, blocked Nandin's closed fist and stepped back. Nandin was subsequently indicted for retaliation for or on account of the service of a public servant. *See* Tex. Penal Code § 36.06(a)(1)(A).

## DISCUSSION

**Motion to quash indictment**

In his first issue, Nandin alleges the trial court abused its discretion in denying his two motions to quash the indictment for failure to allege an offense. Originally, the indictment, in pertinent part, read as follows:

> [Nandin did] intentionally and knowingly threaten to harm another to wit: Ty Tully, by an unlawful act, to-wit: trying to strike him, in retaliation for and on account of the service of the said Ty Tully as a public servant.

2

Nandin argues an "unlawful act" is an essential element of retaliation. Citing Texas Penal Code § 22.01(a)(2) ("Assault"), he contends that "trying to strike" someone is not an offense unless the State alleges and proves the requisite intent, that is, with the intent to cause bodily injury or threaten imminent bodily harm. *See* Tex. Penal Code § 22.01(a)(2). Nandin thus asserts the indictment is fatally defective because it failed to allege the requisite intent.

At the pretrial hearing on Nandin's first motion to quash, his counsel argued the indictment failed to allege an offense "because there is no unlawful act in the Penal Code of trying to strike someone." Yet, he also stated, "I think in order for it to be an offense or an unlawful act, maybe that's a jury issue." The court then followed with this statement, "we'll leave that to the jury," to which Nandin's counsel agreed.

In addition to arguing the indictment failed to allege an offense, Nandin's second motion to quash asserted the indictment failed to allege a mental state on the "unlawful act." Nandin contended the indictment should read as follows: "intentionally or knowingly trying to strike" Deputy Tully. At the hearing on that motion, the State agreed to include such language. The court accepted the parties' agreement, and thus the indictment reads as follows:

> [Nandin did] intentionally and knowingly threaten to harm another to wit: Ty Tully, by an unlawful act, to-wit: intentionally and knowingly trying to strike him, in retaliation for and on account of the service of the said Ty Tully as a public servant.

Arguably, Nandin waived his first issue. In an abundance of caution, however, we will address the issue.

3

In pertinent part, Texas Penal Code § 36.06(a)(1)(A), "Obstruction or Retaliation," reads as follows:

> (a)    A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act:
>     (1)    in retaliation for or on account of the service or status of another as a:
>         (A)    public servant . . . .

*See* Tex. Penal Code § 36.06(a)(1)(A). The Court of Criminal Appeals has pointed out that section 36.06(a)(1)(A) has eight different elements, several of which have distinct alternatives that may or may not be included in an indictment. *Cada v. State*, 334 S.W.3d 766, 770 (Tex. Crim. App. 2011); *see also* Tex. Penal Code § 36.06(a)(1)(A). Those elements and pertinent alternatives are the following:

> (1)    The defendant
> (2)    a.    intentionally [or]
>         b.    knowingly
> (3)    a.    harms [or]
>         b.    threatens to harm
> (4)    another person
> (5)    by an unlawful act
> (6)    a.    in retaliation for [or]
>         b.    on account of
> (7)    a.    the service of another [or]
>         b.    the status of another
> (8)    as a
>         a.    public servant . . . .

*Cada*, 334 S.W.3d at 770. An indictment for retaliation must contain at least one item from each element, although it may contain more than one alternative. *Id.* at 770-71.

In this case, Nandin was charged under section 36.06 of the Penal Code, not under section 22.01 as he urges. The indictment alleged that Nandin intentionally and knowingly threatened to harm Deputy Tully by an unlawful act, that is, by intentionally and knowingly trying to strike him, in retaliation for and on account of Deputy Tully's service as a public servant. Trying to strike Deputy Tully, a peace officer, in retaliation for his service as a public servant, is the unlawful act. As such, the indictment satisfied the requirements of section 36.06(a)(1)(A) by containing at least one required item from the eight different elements of the statute. *See* Tex. Penal Code § 36.06(a)(1)(A); *Cada*, 334 S.W.3d at 770. Having specified each of the elements of the offense of retaliation, the indictment was facially correct and the trial court properly denied Nandin's motions to quash. Nandin's first issue is overruled.

**Sufficiency of the evidence**

Nandin asserts the evidence is legally insufficient to support his conviction for the offense of retaliation. The standard of review for determining whether the evidence is legally sufficient to support a conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *see Johnson v. State*, 364 S.W.3d 292, 293-94 (Tex. Crim. App. 2012).

Deputy Tully testified he went out to the jail yard and saw Nandin extremely agitated, pacing back and forth in his boxer shorts, his orange jail jumpsuit lying on the ground. The deputy testified he ordered all the inmates in the jail yard "to go and have the jailer put them away," and all except Nandin complied. Deputy Tully stated he then walked towards Nandin, who was still pacing

5

back and forth, to try to diffuse the situation and calm Nandin down. However, Deputy Tully testified, Nandin took an aggressive posture, put his fists up, stated "let's go," and started towards him. The deputy stated he then pepper-sprayed Nandin in the face. Deputy Tully testified that Nandin again charged him and swung at his head; however, he blocked Nandin's closed fist and stepped back. The deputy stated that, if he had not moved, he would have been hit in the head by Nandin's fist.

Ranger Dewayne Goll testified he later interviewed Nandin who told him it was not personal when he charged Deputy Tully. A video of Goll's interview of Nandin, admitted as Exhibit Nos. 1 and 2, was played for the jury. In the transcript of that video, admitted as Exhibit No. 3, Nandin told Goll that "whenever that officer came towards me that's when I started defending myself."

Nandin contends an essential element of proving retaliation is showing that the harm caused or threatened to a public servant is a retributive act for *duties the public servant* had *already performed*. Nandin relies on the following two cases. The El Paso Court of Appeals reversed the retaliation conviction of a juvenile who assaulted a supervisor who was trying to break up a fight involving the defendant and another juvenile. *See In re M.M.R.*, 932 S.W.2d 112 (Tex. App.—El Paso 1996, no pet.). The court held that the juvenile only assaulted the officer in order to continue the fight, not because the officer was a public servant. *Id.* at 115. Similarly, the First Court of Appeals reversed the retaliation conviction of an inmate who assaulted a prison guard who was trying to stop him from walking down the hall and to force him to return to a guard seated at a control desk. *Riley v. State*, 965 S.W.2d 1 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (adopting reasoning

of *M.M.R.*). The court held the evidence was insufficient to support the conviction because the State failed to prove that the assault was in retaliation for duties already performed. *Id.* at 2.

Because, Nandin asserts, no evidence indicates that his actions were intended as acts in retaliation for or on account of Deputy Tully's *past* duties as a public servant, the evidence is insufficient to support his conviction for retaliation on account of the deputy's service as a public servant. We disagree. We find nothing in section 36.06(a)(1)(A) that requires that a defendant's action be in response to duties "already performed" by a public servant. *See* Penal Code § 36.06(a)(1)(A); *Cada*, 334 S.W.3d at 770.

Deputy Tully ordered Nandin to put his clothes back on and to go back inside the jail. Rather than comply with the deputy's orders, instead, when Nandin saw Deputy Tully coming towards him with the purpose of diffusing the situation and "calming him down," Nandin began "defending himself" by taking an aggressive posture, putting up his fists, and advancing towards the deputy who then pepper-sprayed him in the face. After being pepper-sprayed, Nandin again charged Deputy Tully and swung at his head. Based on this evidence, we find that any rational trier of fact could have found, beyond a reasonable doubt, that Nandin threatened to harm Deputy Tully on account of his service as a public servant, that is, because Deputy Tully was discharging his duty as a peace officer by attempting to calm down and then subdue Nandin with pepper spray to get him back inside the jail. Having concluded the evidence is legally sufficient to support his conviction for the offense of retaliation, Nandin's second issue is overruled.

**Denied jury instruction**

In his third issue, Nandin complains the trial court abused its discretion in denying his requested jury instruction. In pertinent part, the jury charge read as follows:

7

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 19th of May, 2009, in McCulloch County, Texas, the defendant, DAVID NANDIN, did intentionally or knowingly threaten to harm another, to-wit: Ty Tully, by an unlawful act, to-wit: intentionally and knowingly trying to strike him, in retaliation for or on account of the service of the said Ty Tully as a public servant, then you will find the defendant guilty of the offense of retaliation as charged in the indictment.

Nandin requested that the jury charge contain language pursuant to the holdings in the *M.M.R.* and *Riley* cases, that is, that the State had to prove beyond a reasonable doubt that the harm resulted from a retributive attack for duties already performed. The trial court denied his request.

The purpose of the charge is to instruct the jury on the law applicable to the case. *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012); *Abnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); *see* Tex. Code Crim. Proc. art. 36.14. "Because the charge is the instrument by which the jury convicts, [it] must contain an accurate statement of the law and must set out all the essential elements of the offense." *Vasquez*, 389 S.W.3d at 366, quoting *Dinkins v. State*, 894 S.W.2d 330, 339 (Tex. Crim. App. 1994). "It is not enough for the charge to merely incorporate the allegation in the charging instrument. Instead, it must also apply the law to the facts adduced at trial." *Gray v. State*, 152 S.W.3d 125, 127 (Tex. Crim. App. 2004). Jury charges that fail to apply the law to the facts adduced at trial are erroneous. *Id.* at 128.

In this case, Deputy Tully was discharging his duty and serving as a peace officer and public servant when he ordered all the inmates in the jail yard, including Nandin, "to go and have the jailer put them away." He was further serving as a public servant when he attempted to calm down the inmate Nandin who was pacing back and forth in his boxer shorts after earlier having

8

thrown shoes and a weight. Deputy Tully also was serving as a peace officer and public servant when, after the inmate Nandin took an aggressive posture, put up his fists, and advanced towards him, he subdued the inmate with pepper spray.

The jury charge having applied the elements of the offense of retaliation to the facts adduced at trial, the trial court did not abuse its discretion in denying Nandin's requested jury instruction. Nandin's third issue is overruled.

## CONCLUSION

Having overruled all of Nandin's issues on appeal, we affirm the judgment of conviction.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Rose

Affirmed

Filed: June 5, 2013

Publish