# NO. 12-15-00096-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN THE MATTER OF M.W.,* | § | *APPEAL FROM THE 145TH* |
|  | § | *JUDICIAL DISTRICT COURT* |
| *A JUVENILE* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

M.W., a juvenile, appeals the trial court's order adjudging that she engaged in delinquent conduct and placing her on community supervision for a period of ten months. In two issues, M.W. argues that the evidence is legally and factually insufficient to support the jury's findings that she committed retaliation, and that the evidence is legally and factually insufficient to support an adverse finding on self-defense as to the lesser included offense of assault. We affirm.

## BACKGROUND

On January 27, 2014, the State filed a petition alleging that M.W. engaged in delinquent conduct or conduct indicating a need for supervision. M.W. pleaded "not true" to the allegations, and the matter proceeded to a jury trial.

The evidence at trial showed that M.W. was engaged in a fist fight at school with another student, J.G., when two teachers attempted to separate the girls. J.G. stopped fighting, but M.W. struck both of the teachers and continued trying to fight J.G.

Ultimately, the jury found "true" the allegations that M.W. committed the offense of retaliation against the teachers. The trial court found that M.W. was in need of rehabilitation and placed her on community supervision for a period of ten months. This appeal followed.

In M.W.'s first issue, she argues that the evidence is legally and factually insufficient to support findings that she intentionally or knowingly harmed the teachers on account of their service as public school teachers. In M.W.'s second issue, she argues that the evidence is legally and factually insufficient to support an adverse finding on self-defense with regard to the lesser included offense of assault.

**Standard of Review and Governing Law**

M.W. argues that we should review the sufficiency of the evidence in this case under both the legal and factual sufficiency standards. She notes that juvenile adjudications are civil in nature. She cites the opinions of two other courts of appeals that state an appellate court should therefore apply the civil standards in reviewing the legal and factual sufficiency of the evidence supporting a juvenile court's disposition decision. *See In re T.E.G.*, 222 S.W.3d 677, 678-79 (Tex. App.–Eastland 2007, no pet.); *In re C.J.H.*, 79 S.W.3d 698, 703 (Tex. App.–Fort Worth 2002, no pet.). But M.W. does not appeal the disposition of the case. Rather, she appeals the adjudication of her delinquency. When a juvenile appellant complains that the evidence is insufficient to support the adjudication of delinquency, we apply the criminal standard of review. *In re T.E.G.*, 222 S.W.3d at 678; *In re C.J.H.*, 79 S.W.3d at 702.

The *Jackson v. Virginia*[1] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Therefore, legal sufficiency is the only standard to be applied in reviewing the sufficiency of the evidence supporting an adjudication of delinquency. *See In re A.O.*, 342 S.W.3d 236, 239-40 (Tex. App.–Amarillo 2011, pet. denied); *In re R.R.*, 373 S.W.3d 730, 734 (Tex. App.–Houston [14th Dist.] 2012, pet. denied); *In re C.E.S.*, 400 S.W.3d 187, 194 (Tex. App.–El Paso 2013, no pet.). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. This requires the reviewing court to defer to the jury's

---

[1] 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979).

credibility and weight determinations, because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899; *see Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. A "court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

To prove that M.W. engaged in delinquent conduct or conduct indicating the need for supervision in this case, the State was required to prove that she violated Section 36.06 of the Texas Penal Code. To prove that M.W. violated that provision, the State was required to prove that she intentionally or knowingly harmed the two teachers by striking them with her hand in retaliation for or on account of their service as public servants. *See* TEX. PENAL CODE ANN. § 36.06(a)(1)(a) (West 2011).

**The Testimony**

Public schoolteacher Tena Hill testified that M.W. and four or five other students were assigned to her classroom for two days of benchmark testing. At the end of the first testing day, the students were lined up at the door waiting to be released. M.W. was making fun of the clothing of another student, J.G. Hill instructed her to stop, but she refused. When the bell rang, the students went their separate ways.

Hill said that at the end of the next day of testing, the students were again lined up at the door. Hill was standing in the doorway monitoring both her classroom and the hallway. Another teacher, Rhonda Johnson, approached Hill and began talking to her. Hill could hear M.W. having words with J.G. again and saying something like "hit me" or that someone hit her. She looked inside and saw M.W. hitting J.G. Hill and Johnson went inside, and M.W. was attacking

3

J.G. with both fists. Johnson tried to restrain M.W., while Hill tried to restrain J.G. Both teachers tried to get between the girls. While M.W. was face to face with Johnson, Hill saw M.W. hit Johnson in the eye with her fist, breaking her glasses. Johnson and M.W. both rolled onto the floor. J.G. was mostly trying to defend herself, and she and Hill also fell to the floor.

Hill said that M.W. continued to scream and fight against Johnson. Hill got her radio to call for administrators to assist. M.W. and Johnson got up off of the floor. Hill was trying to keep J.G. away from M.W. because M.W. was screaming at her and swinging her fists. M.W. hit Hill two or three times on the back of her head and neck.

Johnson testified that all of the students in her testing room had been released, and she stopped to speak with Hill. She saw M.W. and J.G. fist fighting. She and Hill tried to break up the fight by pulling the girls apart. Johnson had M.W. restrained for a moment, but M.W. broke free and hit Johnson on the cheek with her fist. Johnson fell to the floor. M.W. ran to where Hill was and hit Hill at least once in the head and twice in the upper body. J.G. was subdued and on the floor at the time.

M.W. testified that J.G. had been bullying her and making her mad all year. On the date of the offense, M.W. dropped her blanket on the floor. She asked J.G. nicely to pick it up. J.G. refused and stepped on the blanket. M.W. jerked the blanket. J.G. accused her of trying to trip her, asked if she wanted to fight, told M.W. to hit her, and then swung at M.W. The two girls started fighting. M.W.'s glasses fell off and she could no longer see. The teachers did not try to break up the fight. M.W. thought a student grabbed her from behind. She does not remember hitting a teacher. When M.W. got free of the person who grabbed her, she and J.G. went back after each other and started fighting again. M.W. said she did not intentionally strike either teacher. She stated that the teachers lied on the witness stand. M.W.'s mother testified that M.W. is legally blind without her glasses.

**Sufficiency of Evidence of the Charged Offense**

M.W. argues that a rational jury could not conclude that she intentionally or knowingly harmed the teachers on account of their service as public servants because she is legally blind without her glasses, the teachers did not identify themselves, and M.W. thought another student was attacking her.

Proof of a culpable mental state almost invariably depends upon circumstantial evidence. *Lee v. State*, 21 S.W.3d 532, 539 (Tex. App.—Tyler 2000, pet. ref'd). Ordinarily, the culpable

mental state must be inferred from the acts of the accused or the surrounding circumstances, which include not only acts, but words and conduct. *Id.* A person acts intentionally with respect to a result of her conduct when it is her conscious objective or desire to cause the result. TEX. PENAL CODE ANN. § 6.03(a) (West 2011). A person acts knowingly with respect to a result of her conduct when she is aware that her conduct is reasonably certain to cause the result. *Id.* § 6.03(b) (West 2011).

The teachers both testified that M.W. hit Johnson in the face after Johnson grabbed her. M.W. admitted that she remembered someone grabbing her from behind but claimed she did not know what happened after that. M.W. said that she did not remember hitting the person who grabbed her. Then, according to the teachers, while J.G. was subdued and on the opposite side of Hill, M.W. began hitting Hill from behind. M.W., on the other hand, testified that at that point she and J.G. started fighting again. Thus, M.W.'s story differs from that of the teachers in ways that cannot be explained by sight loss. The jury was not required to believe M.W.'s testimony that she did not know who she was hitting because she could not see without her glasses. The jury, as the sole judge of the credibility of the witnesses, was free to believe the testimony of the teachers and disbelieve that of M.W. *See Brooks*, 323 S.W.3d at 899; *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. Based on all of the evidence, we conclude the jury was justified in believing that M.W. intentionally or knowingly hit the two teachers.

M.W. further urges us to follow the reasoning of other courts of appeals that have read a "retributory element" into Section 36.06 of the penal code. *See In re M.M.R.*, 932 S.W.2d 112, 115 (Tex. App.—El Paso 1996, pet. ref'd); *Riley v. State*, 965 S.W.2d 1, 2 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd); *Wright v. State*, 979 S.W.2d 868, 869 (Tex. App.—Beaumont 1998, pet. ref'd). M.W. observes that her case is very similar to *M.M.R.* In that case, the juvenile appellant was fighting another juvenile in a halfway house when a supervisor separated them. *See M.M.R.*, 932 S.W.2d at 114. The appellant again went after the other juvenile, and the supervisor took him to the ground. *Id.* The appellant deliberately struck the supervisor in an attempt to get away and get to the other juvenile. *Id.* The court of appeals noted that the evidence showed the appellant struck the supervisor "not for the purpose of retaliating against [the supervisor] for restraining him, but in order to escape and continue his assault against [the other juvenile]." *Id.* at 115. The court consequently found the evidence legally insufficient and reversed the adjudication of delinquency. *Id.*

5

Other courts of appeals have declined to require proof of a retributory purpose. *See McCoy v. State*, 932 S.W.2d 720, 724 (Tex. App.—Fort Worth 1996, pet. ref'd); *Nandin v. State*, 402 S.W.3d 404, 408-09 (Tex. App.—Austin 2013, pet. ref'd). In *McCoy*, a police officer told the appellant that he was under arrest. *McCoy*, 932 S.W.2d at 724. The appellant told the officer that he was not going to jail, turned, and walked away. *Id.* The officer approached the appellant to arrest him, and the appellant struck him with his fist and attempted to kick him. *Id.* Based on this evidence, the court of appeals found that "a rational trier of fact certainly could have found that [the appellant] struck [the officer] 'on account of [his services] as a public servant,' i.e., because [the officer] was attempting to discharge his duty as a police officer in arresting [the appellant]." *Id.*

We agree with the courts of appeals that have not required the state to prove the defendant had a retributory purpose in order to prove she harmed another "on account of" her service as a public servant. The pertinent part of the statute reads, "A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act: (1) in retaliation for or on account of the service or status of another as a: (A) public servant, witness, prospective witness, or informant[.]" TEX. PENAL CODE ANN. § 36.06(a)(1)(a). While the phrase "in retaliation for" certainly implies a retributory purpose, the phrase "on account of" does not. Further, to read a retributory purpose into the phrase "on account of" renders it redundant and meaningless after the phrase "in retaliation for." We agree with the courts of appeals that interpret "on account of" to mean "because of." *See McCoy*, 932 S.W.2d at 724; *Nandin*, 402 S.W.3d at 408-09.

In this case, a rational trier of fact could have found that M.W. struck the teachers on account of their service as public servants, i.e., because they were attempting to discharge their duties as public schoolteachers by keeping M.W. from harming another student. *See id.* We conclude that the evidence is sufficient to support the jury's verdict. Accordingly, we overrule M.W.'s first issue.

**Sufficiency of Evidence of Lesser Included Offense**

In M.W.'s second issue, she argues that if we find the evidence insufficient to support the adjudication of delinquency as to the retaliation charge, she should be acquitted as to the lesser included offense of assault as well based on her affirmative defense of self-defense. Because we

have found the evidence is sufficient to support the adjudication as to retaliation, we do not address this contention.  Accordingly, we overrule M.W.'s second issue.


## DISPOSITION

Having overruled M.W.'s first and second issues, we *affirm* the trial court's order.


GREG NEELEY
Justice

Opinion delivered September 23, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### SEPTEMBER 23, 2015

### NO. 12-15-00096-CV

### IN THE MATTER OF M.W., A JUVENILE

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. J1402025)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's order **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*