# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00457-CR

---

**Paul Facundo, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 207TH DISTRICT COURT OF HAYS COUNTY
### NO. CR-23-3676-B, THE HONORABLE TRACIE WRIGHT-RENEAU, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Paul Facundo, Jr. of the felony offense of retaliation, found an enhancement paragraph true, and assessed punishment at fifteen years' imprisonment. *See* Tex. Penal Code § 36.06(c). The district court sentenced Facundo accordingly. The indictment alleged that Facundo "did threaten" another with harm "by an unlawful act, to wit: assault or murder." Facundo contends on appeal that there is insufficient evidence supporting his retaliation conviction because, in his view, the indictment required the State to prove that the victim was actually murdered or assaulted. We will affirm the judgment of conviction.

## BACKGROUND

Evidence at trial showed that on the date in question San Marcos Police Department Officer Michael Taylor transported Facundo to jail in a patrol car after his arrest for

criminal mischief.[1]  Police officers' body-cam and patrol-car videos of Facundo's arrest and transport were admitted into evidence.  Facundo wanted to sit in the front seat next to Officer Taylor but was not allowed to sit there.  He became disruptive after he was seated in the back.  He kicked a seat belt buckle until it was bent and broken, repeatedly spat at the divider between the front and back seats, tried to wriggle out of handcuffs, and said he was defecating in the seat.

Also, while he and Officer Taylor were alone in the patrol car, Facundo screamed slurs, profanity, and insults at him and said:

- I'll break your fucking jaw, bitch;

- If I get the chance, I will slap the fuck out of you;

- I'll make you fucking choke on your own fucking teeth;

- Now I have to whoop your ass;

- Let me bash your fucking brains in; and

- Let me shoot you six fucking times.

Looking around the patrol car, Facundo asked Officer Taylor, "Where's your firearm?" and "Where's your rifle at?"  Facundo further asked about the charges against him, received an explanation, and responded, "Well, it'll get all—run concurrent anyways, you know, so I'm not worried about it.  That's a—petty crime if you ask me."

When asked on cross-examination if Facundo had any idea what he was saying, Officer Taylor said, "Yes, I believe he did."  Officer Taylor testified that what Facundo told him "wasn't just random topics being strung together," but "was along the lines of threatening."  And "[i]n regard to causing me physical harm, there's definitely—I do believe that he could have

---

[1] Before presenting evidence at trial, the State abandoned the criminal-mischief charge.

done that, if given the opportunity." Facundo refused to get out of the patrol car when they arrived at the jail. Officer Taylor asked for additional jailers to assist in getting Facundo out of the car because he believed Facundo would follow through on his threats.

The State obtained an indictment and then a superseding indictment against Facundo. The first indictment had a grammatical error, alleging that Facundo "did then and there intentionally or knowingly *harm threaten* to harm another, to-wit: M. Taylor by an unlawful act, to-wit: assault or murder, in retaliation for or on account of the service or status of M. Taylor as a public servant, to-wit: arrest of the Defendant." (Emphasis added.). The first indictment also omitted an enhancement paragraph alleging that Facundo had been previously convicted of a felony offense. More than ten days before trial, the State obtained a superseding indictment against Facundo, correcting the grammatical error in the first indictment and adding an enhancement paragraph. The superseding indictment alleged that Facundo

> did then and there intentionally or knowingly *harm or threaten* to harm another, to-wit: M. Taylor by an unlawful act, to-wit: assault or murder, in retaliation for or on account of the service or status of M. Taylor as a public servant, to-wit: arrest or transport of the Defendant.

(Emphasis added.). Before opening statements, the State read aloud the superseding indictment, including the "harm or threaten to harm" language. The jury charge's application and abstract paragraphs contained only the "threaten to harm" manner-and-means allegation, and Facundo affirmatively stated that he had no objection to the charge. The jury found Facundo guilty.

The punishment charge contained the superseding indictment's felony-conviction-enhancement paragraph, which the jury found true, enhancing the offense to a second-degree felony, and the jury assessed punishment at fifteen years' imprisonment. This appeal followed.

3

**DISCUSSION**

Facundo contends that the evidence is insufficient to support his conviction because, in his view, the first indictment required the State to prove that the victim was actually murdered or assaulted.[2] The standard of review for determining whether the evidence is legally sufficient to support a conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Nandin v. State*, 402 S.W.3d 404, 407-08 (Tex. App.—Austin 2013, pet. ref'd) (same).

**Retaliation offense**

The offense of retaliation is defined in subsection 36.06(a)(1)(A) of the Penal Code, which states in relevant part

> (a) A person commits an offense if the person intentionally or knowingly harms *or* threatens to harm another by an unlawful act:
>
> (1) in retaliation for or on account of the service or status of another as a:
>
> (A) public servant[.]

Tex. Penal Code § 36.06(a)(1)(A) (emphasis added); *Cada v. State*, 334 S.W.3d 766, 770 (Tex. Crim. App. 2011) (listing elements of offense); *Nandin*, 402 S.W.3d at 407 (same). The Court of Criminal Appeals has noted that "threaten" may mean: (1) declaring an intention of hurting or punishing another; (2) a menacing indication of something dangerous or evil; (3) expressing

---

[2] Facundo fails to acknowledge that the case went to trial on the superseding indictment—to which he did not object—and that the jury charge mirrored the "harm *or* threaten to harm" language of that superseding indictment.

intention to inflict injury; or (4) a source of danger or harm. *See Olivas v. State*, 203 S.W.3d 341, 345 (Tex. Crim. App. 2006).

A central purpose of the retaliation statute is to encourage public servants to perform vital public duties without fear of retribution. *Cada*, 334 S.W.3d at 771. "The statute does not require that the threatened retaliatory harm be imminent, nor does it require that the actor actually intend to carry out his threat, take any affirmative steps to carry out the threat, or issue the threat directly to the public servant or witness." *Brock v. State*, 495 S.W.3d 1, 16 (Tex. App.—Waco 2016, pet. ref'd). Because retaliation is a result-oriented offense, the focus is on whether the conduct is done with an intent to effect the result specified in the statute. *Id.* Retaliatory intent may be inferred from a defendant's acts, words, or conduct. *Id.*

Facundo contends that the indictment's inclusion of the phrase "to wit: assault or murder," modified the first element of the crime—intentionally or knowingly harms or threatens to harm another by an unlawful act—and required the State "to prove that the retaliation occurred via an assault or a murder." We disagree.

The retaliation offense alleged in the superseding indictment required the State to prove that Facundo made a threat to harm Officer Taylor by an unlawful act, assault or murder. The phrase "assault or murder" describes how Facundo threatened to harm the officer. Put differently, the indictment alleged that Facundo *threatened* to assault or murder, not that he *committed* assault or murder. A description of the threat was necessary to defeat a potential motion to quash, which can be granted as to an indictment charging retaliation by threat if the indictment lacks a description of the defendant's threat. *See Schmidt v. State*, 278 S.W.3d 353, 360 (Tex. Crim. App. 2009) (citing *Doyle v. State*, 661 S. W.2d 726, 729–731 (Tex. Crim. App. 1983) and noting that defendant is entitled to notice of "how and to whom" threat was made).

5

A retaliation offense may be proved by showing that a defendant knowingly or intentionally threatened to harm a police officer during the defendant's transport to jail after his arrest. *See, e.g.*, *Wiggins v. State*, 255 S.W.3d 766, 773 (Tex. App.—Texarkana 2008, no pet.); *Stafford v. State*, 948 S.W.2d 921, 924 (Tex. App.—Texarkana 1997, pet. ref'd). The indictment for retaliation in *Stafford*, like the one here, alleged a threat to harm a police officer by murder:

> [T]he aforesaid Johnny Michael Stafford . . . did then and there intentionally and knowingly threaten to harm another, to-wit: Steve Paradis *by an unlawful act, to-wit: murder* of Steve Paradis, in retaliation for and on account of the services of the said Steve Paradis as a public servant, to-wit: a peace officer employed by the City of Longview Police Department[.]

948 S.W.2d at 923 (emphasis added).[3] Stafford was in a police car being transported to jail when he began a running diatribe stating that the police officer worked for the CIA, that the officer was out to get Stafford, and that Stafford was going to kill him first. *Id.* The police officer testified that Stafford incessantly repeated the threats, which were made when they were alone in the police car. *Id.* at 924. Another analogous retaliation case is *Wiggins*, in which the defendant was arrested and, while en route to the police station, "unleashe[d] a flood of profanities, threats, and threatening behaviors that would not have happened if not for the officer's acts done while acting as a public servant." 255 S.W.3d at 773.

---

[3] The Court of Criminal Appeals noted that an indictment alleging "to wit: striking" could be construed as threatening to harm by (1) *threatening* to strike or (2) striking. *Schmidt v. State*, 278 S.W.3d 353, 359 (Tex. Crim. App. 2009) (noting that "such an indictment can be construed to allege that appellant threatened to harm the victim either by threatening to strike her or by actually striking her"). But the Court concluded that the State was judicially estopped from construing the indictment as alleging only a threat to strike because of its arguments during trial and in briefing that the defendant actually struck the victim. *Id.* at 358–59. By contrast here, the State never argued that Facundo assaulted or murdered Officer Taylor.

As in *Stafford* and *Wiggins*, the evidence presented to the jury here was legally sufficient to support the charged offense of retaliation. Facundo was being transported in a patrol car, after his lawful arrest, when he began a prolonged and graphic expression of physical injuries to be inflicted on Officer Taylor. Facundo declared his intent to break Officer Taylor's jaw, whoop his ass, slap him, make him choke on his own teeth, bash his brains in, and shoot him six times. Such declarations are threats. *See Olivas*, 203 S.W.3d at 345. Facundo also tried to wriggle out of handcuffs and asked about the location of firearms in the patrol car. Facundo's words and conduct communicated a threat to harm Officer Taylor by "assault or murder." Officer Taylor testified that what Facundo told him "wasn't just random topics being strung together," but "was along the lines of threatening." Considering the evidence at trial in its entirety and in the light most favorable to the verdict, along with reasonable inferences from that evidence, a rational juror could have found that Facundo threatened harm, by assault or murder, to Officer Taylor because of his service or status as a public servant. *See* Tex. Penal Code § 36.06(a)(1)(A). Thus, we conclude that the evidence was legally sufficient to support the jury's finding that Facundo committed the offense of retaliation. We overrule Facundo's sole issue.

## CONCLUSION

We affirm the district court's judgment of conviction.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Affirmed

Filed:   August 27, 2025

Do Not Publish